## NATHAN CROSBY *vs.* TIMOTHY D. TAYLOR.

A grantee of land, whose grant was fraudulent as against the grantor's creditors, took from a prior mortgagee a deed of quitclaim of all his interest in the premises, containing this clause: " Which said mortgage is hereby cancelled and discharged, the said" grantor "having recently conveyed his interest in the premises to" the grantee. *Held*, that this deed constituted an assignment, and not a merger, of the mortgage, as against said grantor's creditors.

PETITION FOR PARTITION of land in Lowell. Plea, the general issue. At the trial in the court of common pleas in Middlesex at December term 1858, the petitioner claimed title under a levy of execution against James Adams, by which an undivided part of the estate was set off to the petitioner. The respondent gave in evidence a deed of the premises from Adams to himself, executed and delivered before the levy, and which the petitioner alleged to have been fraudulent and void as against the grantor's creditors.

The respondent introduced evidence that, at the date of the deed from Adams to him, the premises were under mortgage to Josiah Gates, to secure payment of the sum of $2,350, which was more than the whole value of the premises; and produced a deed from Gates to him, executed and delivered a fortnight after his deed from Adams, and duly recorded, which is copied in the margin.* It was conceded that, in the appraisal and levy

---

* Know all men by these presents, that I, Josiah Gates, of Lowell, in the county of Middlesex, Commonwealth of Massachusetts, in consideration of one dollar and other valuable considerations paid by Timothy D. Taylor of Boston, in said Commonwealth of Massachusetts, county of Suffolk, the receipt whereof is hereby acknowledged, do hereby remise, release and forever quitclaim unto the said Taylor, his heirs and assigns, all my right, title and interest in and to

on which the petitioner relied, this mortgage had not been taken into account, but had been treated as if it had not existed.  The respondent contended that the deed from Gates to him must be treated as an assignment of the mortgage, or of the legal estate mortgaged; and that under the deed he had a right to hold the whole estate against the petitioners, even if the deed from Adams to him should be avoided as fraudulent.  But *Sanger*, J. ruled that the deed from Gates to the respondent was a release and extinguishment of the mortgage, and that, if the deed from Adams was fraudulent as against creditors, the deed from Gates would constitute no defence to the petition.

The jury returned a verdict for the petitioner, and the respondent alleged exceptions.

*W. H. L. Smith*, for the respondent, cited *Gibson* v. *Crehore*, 3 Pick. 481; *Somes* v. *Skinner*, 3 Pick. 58, note; *Russell* v. *Coffin*, 8 Pick. 152; *Hunt* v. *Hunt*, 14 Pick. 381–383; *Popkin* v. *Bumstead*, 8 Mass. 491; *Pray* v. *Pierce*, 7 Mass. 381; *Perkins* v. *Pitts*, 11 Mass. 125; *Brown* v. *Lapham*, 3 Cush. 555; *Grover* v. *Thatcher*, 4 Gray, 526; *Thompson* v. *Chandler*, 7 Greenl. 377; *Schenectady Dutch Church* v. *Veeder*, 4 Wend. 496; *Myers* v. *Brownell*, 1 D. Chip. 454; *Marshall* v. *Wood*, 5 Verm. 254; *Lockwood* v. *Sturdevant*, 6 Conn. 388 *& seq.*; *Robinson* v. *Leavitt*,

that parcel of land, with the buildings thereon, situated in said Lowell, which was conveyed by Elisha Glidden to James Adams, by deed dated January 1831, recorded with Middlesex deeds, lib. 301, fol. 540; being the same premises which were mortgaged by said James Adams to me for twenty three hundred and fifty dollars, by deed dated June 24th 1854, recorded with Middlesex deeds, lib. 682, page 109; which said mortgage is hereby cancelled and discharged, the said Adams having recently conveyed his interest in said premises to said Taylor; reference is hereby made to the above mentioned deeds for a description of the premises.

To have and to hold the above released premises, with all the privileges and appurtenances to the same belonging, to the said Timothy D. Taylor, his heirs and assigns, to his and their use and behoof forever.  In witness whereof, I, the said Josiah Gates, have hereunto set my hand and seal this twenty-first day of September in the year of our Lord one thousand eight hundred and fifty four

Josiah Gates. [Seal.]

Signed, sealed and delivered in presence of James W. Rollins.

7 N. H. 96 *& seq.*; *Towle* v. *Hoit*, 14 N. H. 61; Shep. Touchst. 83; Co. Lit. 301 *b.*

*B. F. Butler & T. H. Sweetser*, for the petitioner. The deed from Gates to the respondent in express terms cancelled and discharged the mortgage, and was manifestly intended by the parties to have that effect. At the time of its execution Gates received payment of his mortgage debt, and thereupon conveyed a satisfied mortgage to the defendant. This is the construction at law, however it may be in equity. *Wade* v. *Howard*, 6 Pick. 492, and 11 Pick. 296. *Eaton* v. *Simonds*, 14 Pick. 104. *Gibson* v. *Crehore*, 3 Pick. 475. *Warren* v. *Jennison*, 6 Gray, 561.

SHAW, C. J. Upon the exceptions the court are of opinion that the direction was incorrect.

The respondent had a deed from Adams, now alleged to have been fraudulent, as intended to defraud creditors, but good as between the parties. By a subsequent deed the respondent procured a release or discharge, or an assignment, from Gates, of a mortgage admitted to be good. We are of opinion that this instrument was, under the circumstances, a good assignment. The words "cancelled and discharged" are controlled by the statement that the grantee had recently acquired the equity of redemption. If the conveyance of the equity had been good, the mortgage assigned and the equity of redemption would have merged; but if the creditors interfere and take the equity, then there is no merger, and the equity and the mortgage are still distinct. If this mortgage is good, then the title of the respondent to the whole estate under his mortgage is paramount to any title the petitioner can have, and the petition for partition cannot be maintained. *Exceptions sustained.*